HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B.T., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES, et al.,<br><br>　　　　　　Defendants. | CASE NO. C11-2108 RAJ<br><br>ORDER |

　　　This matter comes before the court on the parties' request for final approval of the settlement of this class action, payment of attorney's fees and costs, and motion to amend certain deadlines in the settlement agreement. Dkt. ## 60, 69, 72. The court issues this final order to dispose of a class action that challenges defendants' alleged policies and practices that deprive plaintiffs and other similarly situated of (1) effective, timely notice of determinations relating to the 180-day statutory waiting period before an asylum applicant is eligible to apply for employment authorization; (2) a meaningful opportunity to correct errors in such determination; and (3) the opportunity to obtain a work permit, known as an Employment Authorization Document ("EAD"). On May 8, 2013, the court entered an order of preliminary approval of settlement and scheduled the fairness hearing.

Dkt. # 61. On September 20, 2013, the court held a fairness hearing, during which the parties addressed the letter of concern regarding specific language in Section III.A.5 of the settlement agreement. In response to the letter, and for purposes of clarifying the agreement, the parties proposed a slight revision. The court tentatively approved the revised settlement agreement, pending revised notice to the class of the revision and of the parties' motion for attorney's fees. Fed. R. Civ. Proc. 23(h) & 54(d)(2).

The court has received one objection to Section II.C.11.b.ii to the revised settlement agreement. Dkt. # 71. However, this section of the agreement was not revised. Accordingly, the objection was filed beyond the 30-day deadline to object to the original notice, which expired on September 20, 2013. Additionally, the objection addresses an issue which was not raised in the complaint or amended complaint. The settlement agreement cannot resolve claims that are not alleged in the complaint. There is no claim, and, by extension, no class, for individuals whose hearings the immigration courts improperly deem to be expedited. The settlement agreement does not foreclose such asylum applicants from seeking redress through existing procedures. Accordingly, the court overrules the objection.

Defendants have also moved the court for an extension of certain deadlines in the settlement agreement due to the government shutdown. Plaintiffs do not oppose. As a result of the shutdown, defendants were hampered in their ability to implement the provisions of the settlement agreement due to be rolled out six months from the effective date of the agreement (not later than November 8, 2013). Defendants request an extension of those deadlines until December 3, 2013. Specifically, defendants seek to extend deadlines associated with the following:

- Defendants will implement the interim procedures to afford relief to the affected "Hearing Claim" subclass members (relating to the "lodge not filed" relief)

- Defendants will implement the interim procedures to afford relief to the affected "Notice and Review Claim" class members (relating to amending the November 15, 2011, Operating Policies and Procedures Memorandum (OPPM) 11-02: The Asylum Clock from Chief Immigration Judge Brian O'Leary, and the creation of interim notices, including the USCIS and EOIR Joint Notice, regarding employment authorization for individuals with pending applications)

- Defendants will implement the interim procedures to afford relief to the affected "Prolonged Tolling" subclass members (including further amendments to OPPM 11-02)

- Defendants will implement the procedures to afford relief to the affected "Missed Asylum Interview Claim" subclass members

- Defendants will implement the procedures to afford relief to the affected "Remand" subclass members (relating to the inclusion of time after remand of an asylum claim into the calculation for eligibility for employment authorization).

The court believes the requested extension is warranted, and GRANTS defendants' motion. Dkt. # 72.

The court scheduled a hearing for final approval of the settlement on November 4, 2013. However, the court finds the hearing unnecessary.

The court grants final approval of the settlement. The court finds that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In reaching this finding, the court concludes that the settlement class meets the prerequisites of Fed. R. Civ. P. 23(a), and that it meets the additional requirements of Fed. R. Civ. P. 23(b)(3), as modified to reflect the resolution of this dispute by settlement as opposed to litigation on the merits.

The court further concludes that the parties provided class members reasonable notice of the settlement and of class counsel's request for attorney's fees as well as an opportunity to object to the settlement and the fee request. Fed. R. Civ. P. 23(e)(1), 23(e)(4), 23(h)(1), 23(h)(4).

For all the foregoing reasons, the court GRANTS the unopposed motion to amend certain deadlines in the settlement agreement (Dkt. # 72), the motion for attorney's fees (Dkt. # 69) and APPROVES settlement of this class action (Dkt. # 60). The court will enter a separate order formally granting approval of the parties' settlement.

Dated this 4th day of November, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge