HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.B.T., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES, et al.,<br><br>    Defendants. | CASE NO. C11-2108 RAJ<br><br>ORDER APPROVING CLASS ACTION SETTLEMENT |

As stated in an accompanying order, the court has given final approval to the settlement agreement reflected in the parties' Revised Settlement Agreement ("Agreement"). The court issues this order solely to formalize its final approval of the settlement, and to help ensure execution of the settlement. The court has adopted the language of this order largely from the parties' proposed order approving class action settlement.

The court finds as follows:

1.  This court has jurisdiction over the subject matter of the litigation and over all parties to the Agreement, including all members of the Settlement Class.

2. For purposes of this order, the court adopts the definitions set forth in the Agreement, except as specifically noted in this order.

3. On April 17, 2013, the court certified the following class and subclasses (Dkt. # 54):

> <u>Notice and Review Class</u>: All noncitizens in the United States who meet all of the following criteria: (1) have filed or will file or lodge with Defendants a complete asylum application; (2) whose asylum applications have neither been approved nor subjected to a denial for which no rights of review or appeal remain; (3) whose applications for employment authorization have been or will be denied; (4) whose eligibility for employment authorization based on a pending asylum application will be determined in a manner that is alleged to provide insufficient notice and/or opportunity for review; and (5) who fall in one or more of the following Subclasses:
>
> > <u>Hearing Subclass</u>: Individuals who meet all of the following criteria: (1) who have been or will be issued a Form I-862, *Notice to Appear* in removal proceedings, or Form I-863, *Notice of Referral* to an immigration judge; (2) who have filed or lodged, or sought to lodge, or who will lodge or seek to lodge a complete defensive asylum application with the immigration court prior to a hearing before an immigration judge; and (3) whose eligibility for employment authorization has been or will be calculated from the date the asylum application was or will be filed at a hearing before an immigration judge.
>
> > <u>Prolonged Tolling Subclass</u>: Asylum applicants who meet all of the following criteria: (1) non-detained asylum applicants whose time creditable toward employment authorization is or will be stopped due to delay attributed to them by Defendants; (2) who have allegedly resolved the issue causing the delay or will allegedly resolve the issue causing the delay prior to the next scheduled hearing before an immigration judge; (3) but whose time creditable toward employment authorization remains or will remain stopped until the next hearing date.
>
> > <u>Missed Asylum Interview Subclass</u>: Asylum applicants who meet both of the following criteria: (1) who have failed or will fail to appear for an asylum interview with USCIS; and (2) who have not or will not accrue time creditable toward eligibility for employment authorization following the date of the missed asylum interview on account of missing that asylum interview.

<u>Remand Subclass</u>: Asylum applicants who meet both of the following criteria: (1) whose asylum applications were or will be denied by the immigration court before they have been pending at least 180 days exclusive of applicant caused delays; and (2) who subsequent to an appeal in which either the Board of Immigration Appeals (BIA) or a federal court of appeals remands their case for further adjudication of their asylum claim by an immigration judge, have not or will not accrue additional time creditable toward eligibility for employment authorization.

4. The Notice to the Class given pursuant to the court's Preliminary Approval Order, Dkt. # 61, and Order Approving Notice on Attorneys' Fees and Modification of the Agreement, Dkt. # 70, constituted the best notice practicable under the circumstances to all potential members of the Class, and fully complied with Fed. R. Civ. P. 23(e)(1). The court finds that such notice was reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process. Class members were given a full and fair opportunity to address the merits of class counsel's representation and the adequacy of the terms of the Agreement.

5. The court has reviewed the request for clarification and the objection to the Agreement submitted to the court. The court agrees that the revision to the Agreement addresses the request for clarification. The court has heard, considered, and overruled the objection that has been voiced to the Agreement.

6. The settlement set forth in the Agreement, which is incorporated herein by reference, is now hereby approved as fair, reasonable, and adequate to all parties and Class members, pursuant to Fed. R. Civ. P. 23(e).

7. In reaching its conclusion that the Agreement is fair, reasonable, and adequate, the court has considered, among other things, the following factors: (a) the strength of the Plaintiffs' case; (b) the risk, expense, and complexity and likely duration of further litigation; (c) the risk of maintaining class action status throughout the trial; (d) the policy changes implemented as part of the Agreement and amount offered in

settlement; (e) the extent of discovery completed and the stage of the proceedings; (f) the experience and views of counsel; (g) the presence of government participants; and (h) the reaction of Class members to the proposed settlement.

8. The court reiterates its prior finding, Dkt. # 54, that the Settlement Class satisfies all requirements of Fed. R. Civ. P. 23(a) and 23(b)(2).

9. The court reaffirms its appointment of class counsel, Dkt. # 54: Matt Adams and Christopher Strawn, Northwest Immigrant Rights Project (NWIRP); Melissa Crow, Mary Kenney, and Emily Creighton, American Immigration Council (AIC); Robert H. Gibbs and Robert Pauw, Gibbs Houston Pauw; and Iris Gomez, Massachusetts Law Reform Institute (MLRI). The court reiterates its finding that, as required by Fed. R. Civ. P. 23(g), class counsel has fairly, adequately, and competently represented the interests of the Class. The court hereby grants the parties' request that Defendants pay class counsel attorneys' fees and costs in the amount of $425,000, to be distributed in accordance with the Agreement.

10. Because the lapse in appropriations and the resulting Government shutdown has caused Defendants to require additional time to complete the necessary tasks to implement various provisions of the proposed settlement agreement, and because the parties have agreed that a brief extension neither frustrates the purpose of the agreement, nor is unfair to Class members, the court will extend all deadlines which otherwise would have occurred on November 8, 2013 (*i.e.*, six (6) months after the date the court granted preliminary approval), until December 3, 2013.

11. The court shall retain jurisdiction over this matter for purposes of supervising the implementation, enforcement, construction, and interpretation of the Agreement, and specifically as provided in Part II.11 in the Agreement (Dispute Resolution Mechanism).

1     Dated this 4th day of November, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER APPROVING CLASS ACTION SETTLEMENT- 5